## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALVIN LOPEZ ALEXANDER**                                    **CIVIL ACTION**

**VERSUS**                                                                  **NO.  15-1291**

**N. BURL CAIN, WARDEN**                                      **SECTION "H"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Calvin Lopez Alexander, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On March 16, 2010, Alexander was charged by bill of information in St. Tammany Parish with possession with intent to distribute cocaine.[3] The Louisiana First Circuit Court of Appeal summarized the facts determined at trial as follows:

> On February 13, 2010, Corporal Sean Trinity Graves and Deputy Calvin Eskew of the St. Tammany Parish Sheriff's Office were dispatched to investigate possible narcotics activity at the Batiste Apartments in Slidell. The officers parked their respective vehicles on the street adjacent to the apartment complex and then entered the complex on foot. The officers were standing in the complex with the aim of observing suspicious activity when they witnessed the defendant stagger toward a vehicle[4] in the parking lot. The defendant approached this vehicle, opened its rear passenger's side door, and bent over inside the vehicle for approximately "two to three minutes." The officers were unable to directly observe the defendant's actions while he was inside the vehicle. The defendant then shut the rear passenger's side door, staggered to the driver's side of the vehicle, entered the vehicle, and began to drive away. Based on their suspicions that the defendant might be impaired, Corporal Graves and Deputy Eskew conducted a traffic stop of the defendant's vehicle.
>
> After the officers informed the defendant of his Miranda[5] rights, Corporal Graves administered a field sobriety test to the defendant, and the defendant performed poorly. Deputy Eskew asked for, and received, the defendant's permission to search the vehicle. Corporal Graves testified that he observed that the defendant would become increasingly nervous as Deputy

---

[2]Rec. Doc. No. 11.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 3/16/10.

[4]"[footnote 1]  A review of the record indicates only that this vehicle belonged to someone other than the defendant, but on the night of the incident, the vehicle's registered owner was unable to be located."

[5]"[footnote 2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966)."

Eskew approached the rear passenger's side door of the vehicle, but he observed this nervousness to subside when Deputy Eskew searched any other area of the vehicle.  Deputy Eskew testified that he noticed the same changes in the defendant's demeanor as he searched different areas of the defendant's vehicle.

After Deputy Eskew was unable to find anything incriminating in the vehicle during his initial search, he called a canine unit to the scene.  After a free air sniff around the defendant's vehicle, the canine alerted to a scent of narcotics on the rear passenger's side of the vehicle.  The canine officer then placed his canine into the defendant's vehicle, where it alerted to a scent of narcotics near the floor of the rear passenger's side door.

Deputy Eskew then returned to the area of the canine's alert to search the defendant's vehicle again.  Initially, he was unable to find any contraband, but Deputy Eskew did find three screwdrivers in a pocket on the back side of the front passenger seat.  Deputy Eskew testified that these three screwdrivers were "right next" to where the defendant had stood when the officers had observed him initially approach the vehicle.  After further investigation, Deputy Eskew observed a black plastic vent in the door jamb of the rear passenger's side door that looked as if it had been handled recently.  Deputy Eskew used one of the screwdrivers that he had found to remove the vent, and he recovered a clear plastic bag with over thirty individual pieces of a substance which was later identified as crack cocaine.

(footnotes in original) State v. Alexander, No. 2011-KA-1607, 2012 WL 1580957 at *1-*2 (La. App. 1st Cir. May 4, 2012); State Record Volume 3 of 4, Louisiana First Circuit Court of Appeal Opinion, 2011-KA-1607, 5/4/12.

Alexander was tried before a jury on April 11 and 12, 2011, and found guilty as charged.[6]  At a hearing on May 2, 2011, the state trial court denied Alexander's motions for new trial and post-verdict judgment of acquittal.[7]  The court sentenced Alexander to

---

[6]St. Rec. Vol. 1 of 4, Trial Minutes, 4/11/11; Trial Minutes, 4/12/11; Jury Verdict; 4/12/11; Trial Transcript, 4/11/11; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 4/11/11; Trial Transcript, 4/12/11.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/2/11; Motion for New Trial, 5/2/11; Motion for Post-Verdict Judgment of Acquittal, 5/2/11.

twenty (20) years in prison at hard labor.  Alexander declined at that time to plead to the State's multiple offender bill charging him as a fourth felony offender.[8]  On May 11, 2011, however, Alexander stipulated to the multiple bill.[9]  The court vacated the original sentence and sentenced him as a fourth felony offender to twenty (20) years in prison without benefit of probation or suspension of sentence.[10]

On direct appeal to the Louisiana First Circuit, Alexander's appointed counsel asserted that the trial evidence was insufficient to support the verdict and the state trial court erred in denying the motions for new trial and post-verdict judgment of acquittal based on that argument.[11]  The court affirmed the conviction, habitual offender adjudication and sentence on May 4, 2012, finding no merit in the claims.[12]  The court also recognized two patent errors, an illegally lenient sentence and the original sentence was imposed before legal delays, which it found were not prejudicial and warranted no further action by the court.

---

[8]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/2/11; Multiple Bill, 4/20/11.

[9]St. Rec. Vol. 1 of 4, Multiple Bill Sentencing Minutes, 5/11/11.

[10]St. Rec. Vol. 1 of 4, Multiple Bill Sentencing Minutes, 5/11/11; Reasons for Sentencing on Multiple Bill, 6/30/11.  Because the original sentence was vacated, Alexander's counsel withdrew the previously filed motion to reconsider the original sentence. St. Rec. Vol. 1 of 4, Multiple Bill Sentencing Minutes, 5/11/11; Motion to Reconsider Sentence, 5/2/11.  The motion already was denied by the state trial court on May 2, 2011.  St. Rec. Vol. 1 of 4, Trial Court Order, 5/2/11.

[11]St. Rec. Vol. 4 of 4, Appeal Brief, 11-KA-1607, 10/7/11.

[12]Alexander, 2012 WL 1580957, at *1; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2011-KA-1607, 5/4/12.

Alexander's conviction became final thirty (30) days later, on Monday, June 4, 2012,[13] when he did not seek rehearing or file timely for review in the Louisiana Supreme Court. Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

More than three months later, on September 10, 2012, Alexander filed an application for post-conviction relief in the state trial court in which he raised four issues:[14] (1) He was denied the right to confront and cross-examine the person who provided the anonymous tip that led to his arrest. (2) He was denied effective assistance of counsel when counsel failed to challenge the anonymous tip, call expert witnesses, or investigate the circumstances of the arrest, introduced harmful testimony and caused petitioner to face what amounted to a "death sentence." (3) The State failed to meet its burden of proof. (4) The prosecutor engaged in misconduct which tainted the verdict. The state trial court summarily denied the application on September 11, 2012.[15]

---

[13]The 30th day was Sunday, June 3, 2012, leaving the last day of the period to fall to the next business day, Monday, June 4, 2012.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[14]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 9/10/12.

[15]St. Rec. Vol. 3 of 4, Trial Court Order, 9/11/12.

On December 17, 2012, the Louisiana First Circuit denied Alexander's related writ application.[16]  The Louisiana Supreme Court also denied without reasons Alexander's writ application on June 21, 2013.[17]

Almost ten months later, on April 16, 2014, Alexander signed and submitted a motion to correct or adjust his multiple offender sentence based upon his medical conditions, including diabetes and partial blindness.[18]  The state trial court denied the motion without stated reasons on May 1, 2014.[19]  The court later denied Alexander's related motions for appointment of counsel and to recuse the trial judge.[20]

The Louisiana First Circuit denied Alexander's writ application on September 23, 2014, noting that Alexander failed to attach copies of the rulings and other documents necessary for the court's review.[21]  Alexander applied for rehearing, and his request was

---

[16]St. Rec. Vol. 4 of 4, 1st Cir. Order, 2012-KW-1796, 12/17/12; 1st Cir. Writ Application, 2012-KW-1796, 10/28/12 (dated 10/23/12); see also, St. Rec. Vol. 3 of 4, Notice of Intent, 10/3/12 (dated 9/27/12); Trial Court Order, 10/4/12.

[17]State ex rel. Alexander v. State, 118 So.3d 412 (La. 2013); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2013-KH-0241, 6/21/13; La. S. Ct. Writ Application, 13-KH-241, 1/25/13 (dated 1/16/13); St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2013-KH-241, 1/25/13.

[18]St. Rec. Vol. 3 of 4, Motion to Correct Illegal Sentence, 4/30/14 (dated 4/16/14).

[19]St. Rec. Vol. 3 of 4, Trial Court Order, 5/1/14.

[20]St. Rec. Vol. 3 of 4, Trial Court Order, 6/17/14; Motion to Recuse, 6/16/14 (dated 5/10/14); Trial Court Order,  5/30/14; Motion to Appoint Counsel, 5/22/14 (dated 5/14/14).

[21]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2014-KW-1052, 9/23/14; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2014-KW-1052, dated 7/16/14.

treated as a separate writ application.[22]  The Louisiana First Circuit denied that writ application on January 12, 2015, because his arguments could not be asserted in a motion to correct sentence.[23]

In the meantime, on May 14, 2014, Alexander submitted a motion in the state trial court for leave to appeal his sentence.[24]  He also submitted another motion to correct his multiple offender sentence, asserting numerous grounds of ineffective assistance of counsel.[25]  The state trial court eventually denied both motions.[26]  The Louisiana First Circuit denied Alexander's related writ application on January 12, 2015, because his arguments could not be raised in a motion to correct a sentence.[27]

On January 27, 2015, Alexander filed a writ application in the Louisiana Supreme Court seeking review of the denial of his motions to correct the sentence and the related writ applications.[28]  A member of my staff contacted the office of the clerk of the

---

[22]St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2014-KW-1605, 10/2/14 (dated 9/25/14).

[23]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2014-KW-1605, 1/2/15.

[24]St. Rec. Vol. 3 of 4, Notice of Appeal, 5/22/14 (dated 5/14/14); Trial Court Order, 6/30/14.

[25]St. Rec. Vol. 3 of 4, Motion to Correct Illegal Sentence, 6/16/14 (dated 6/10/14); Memorandum in Support, 6/16/14 (dated 6/10/10); Motion to Recuse, 6/16/14 (dated 5/10/14).

[26]St. Rec. Vol. 3 of 4, Minute Entry, 8/12/14; Trial Court Order, 9/3/14; Trial Court Order, 6/17/14.

[27]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2014-KW-1475, 1/12/15; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2014-KW-1475, 10/6/14 (dated 10/1/14).

[28]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 15-KH-227, 2/3/15 (dated 1/27/15); St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2015-KH-227, 2/3/15.

Louisiana Supreme Court on December 3, 2015, and was advised that this writ application was denied on November 6, 2015.  On December 8, 2015, my staff obtained a copy of the writ application and the Louisiana Supreme Court's per curiam order from the office of the clerk of the Louisiana Supreme Court.[29]  In that order, the court denied the writ application for Alexander's failure to state a cognizable basis for relief and warned Alexander that he has exhausted all available post-conviction relief and faces a bar to any further review under La. Code Crim. P. 930.4 and 930.6.

In the meantime, on December 12, 2014, Alexander filed an application for post-conviction relief in the state trial court in which he asserted the following grounds for relief:[30] (1) Counsel ignored his disabilities and his right to trial on the multiple bill before he stipulated to the bill. (2) He was subject to a double enhancement through the multiple offender proceedings. (3) He was denied due process in the multiple offender proceedings. (4) He was denied equal protection of the law when his appointed counsel failed to appeal the enhanced sentence.

The state trial court denied relief on the application on February 15, 2015, finding (a) that the second and third claims were not cognizable on post-conviction review under

---

[29]I have separately filed into the record of this court the documents received from the clerk of the Louisiana Supreme Court.

[30]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 12/18/14 (dated 12/12/14). Alexander filed a duplicate copy of the application on February 26, 2015.  St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 2/26/15 (dated 12/12/14).

La. Code Crim. P. art. 930.3 and (b) no merit in the two ineffective assistance of counsel claims under the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), standards.[31]

On April 7, 2015, the Louisiana First Circuit denied Alexander's mandamus application as moot because the trial court had in fact ruled on the post-conviction application.[32]  The record does <u>not</u> reflect that Alexander sought further review of the trial court's ruling on the merits of his application for post-conviction relief.

## II.   <u>FEDERAL HABEAS PETITION</u>

On June 3, 2015, the clerk of this court[33] filed Alexander's federal habeas corpus petition in which he asserts the following grounds for relief:[34] (1) The arresting officers did not have valid consent to search his car if he was intoxicated, and the search of his person and the car were done without consent, a warrant or probable cause. (2) The State discriminated against him by ignoring his vision and other disabilities and allowing the officers to testify that petitioner could not make eye contact and appeared nervous. (3) The officers' testimony was in conflict regarding the consent to search, and no impeachment evidence was developed to establish the officers' propensity to lie. (4) He

---

[31]St. Rec. Vol. 3 of 4, Reasons for Denying Application, 2/25/15 (filed 2/26/15).

[32]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2015-KW-0318, 4/7/15; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2015-KW-0318, 2/19/15 (dated 2/16/15).

[33]Alexander initially submitted his petition on March 9, 2015, without a filing fee or pauper application to the United States District Court for the Middle District of Louisiana.  Rec. Doc. No. 1. The case was transferred to this court on April 23, 2015.  Rec. Doc. Nos. 4, 5.

[34]Rec. Doc. No. 11.

received ineffective assistance of counsel when counsel stipulated that Alexander was driving while intoxicated, which tended to establish that probable cause existed for the stop and search by the officers and prevented Alexander from presenting a defense.

The State filed an answer and memorandum in opposition to Alexander's petition, asserting that state court remedies were not fully exhausted and that the federal petition was not timely filed.[35]  Alternatively, the State also argues that the claims are without merit and no federal habeas corpus relief is warranted.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[36] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore applies to Alexander's petition, which, for reasons discussed below, is deemed filed in federal court on March 9, 2015.[37]  The threshold questions in habeas review under the

---

[35]Rec. Doc. No. 14.

[36]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[37]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for

amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has argued that Alexander failed fully and properly to exhaust state court review of his claims and that his federal petition was not timely filed.  I find that both defenses are supported by the record.

## IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

---

delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Middle District docketed Alexander's deficient petition on March 9, 2015, when it was received. The clerk of this court filed Alexander's petition on June 3, 2015, after correction of the deficiencies and the granting of pauper status. The official stamp of the prison's Legal Programs Department reflects that Alexander delivered the petition to prison officials on March 9, 2015, the same day it was emailed to the clerk of the Middle District. Rec. Doc. No. 1, p.18; Rec. Doc. No. 11, p.18. This date is confirmed by Alexander's cover letter dated March 9, 2015, submitted with his original petition. Id.

11

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court."  <u>Id</u>. (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id</u>. (citing <u>Nobles</u>, 127 F.3d at 420).  It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust his claims in the state courts, Alexander must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner.  Alexander has asserted four

claims in this court, summarized as (a) improper search and seizure, (b) discriminatory prosecution tactics, (c) conflicting testimony of the arresting officers and (d) denial of effective assistance of counsel.  The State suggests that these claims were arguably raised by Alexander in his June 16, 2014, motion to correct his sentence, if that pleading were afforded a very broad interpretation.[38]

My review of Alexander's state court pleadings reflects that his ineffective assistance of counsel claims were raised and addressed in Alexander's first application for post-conviction relief, which was exhausted through the state courts.  His motion to correct an illegal sentence addresses similar claims of ineffective assistance of counsel. I disagree, however, that the other three federal claims presented to this court were argued by Alexander in his motion to correct his sentence or in any of his other post-conviction pleadings to the state trial or appellate courts.

In addition, the 2015 writ application filed by Alexander in the Louisiana Supreme Court confirms that Alexander did not address the alleged illegal search and seizure or the veracity of the officers' trial testimony, even if that writ application is construed broadly.  It also does not appear that Alexander asserted the argument that the State discriminated concerning his disability at trial, although he seems to argue possible disability discrimination during sentencing.  Thus, Alexander has not exhausted state court review of all of the arguments contained in his federal habeas petition.

_____

[38]Rec. Doc. No. 23, p.5.

The record discloses no good cause for Alexander's failure to exhaust these claims, and this court can find none.  Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). Ordinarily, I would recommend that the petition be dismissed without prejudice to allow Alexander to exhaust available state court remedies before seeking federal relief.

However, allowing him to attempt complete exhaustion would be futile in this case.  As argued by the State, Alexander did not timely file his federal petition under the AEDPA.  The untimeliness of his filing is dispositive of his case and renders exhaustion unnecessary.  For the following reasons, Alexander's petition should be dismissed with prejudice as time-barred.

V.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[39]  Duncan, 533 U.S. at 179-80.

---

[39]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

14

Alexander's conviction became final on June 4, 2012, when he did not seek review of his conviction or sentence in the Louisiana Supreme Court.  Under a literal application of Section 2244, Alexander had one year from finality of his conviction, or until June 4, 2013, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Alexander has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300

16

(State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

As discussed by the State in its opposition memorandum, Alexander contends that his federal petition was not timely filed because he is illiterate and disabled and had to wait for required assistance at the prison to prepare his pleadings.[40]  The record, however, reflects that within three or four months of finality of his conviction in 2012, Alexander was able to file for post-conviction relief pro se in the state trial court and continued to seek review of his claims in the Louisiana First Circuit and the Louisiana Supreme Court which carried through 2013.  The record demonstrates that Alexander had the ability to timely and diligently pursue his rights during a period when a timely federal petition could have been filed.  He has not shown any extraordinary circumstance that would excuse his untimely filing or entitle him to equitable tolling.

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain

---

[40]Rec. Doc. No. 11, pp. 13-14, ¶18.

language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.

1999)); <u>Smith v. Ward</u>, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.  <u>Causey v. Cain</u>, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Alexander's case, the one-year AEDPA statute of limitations period began to run on June 5, 2012, the day after his conviction became final under federal law. The one-year period continued to run without interruption for 97 days until September 10, 2012, when he filed his first state court application for post-conviction relief.[41] The AEDPA limitations period remained interrupted during the pendency of the related proceedings, through June 21, 2013, when the Louisiana Supreme Court denied his writ application.

The AEDPA one-year limitations period began to run again the next day, June 22, 2013, and did so uninterrupted for the remaining 268 days, until Monday, March 17, 2014,[42] when it expired. Alexander had <u>no</u> properly filed state court application for post-conviction relief or other collateral review pending in any state court during that period of time. His next state court filing was the first motion to correct his sentence, which was submitted to the state trial court on April 16, 2014. This pleading, filed one month <u>after</u> the AEDPA filing period expired, provides him no tolling benefit. <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

Under the mailbox rule, Alexander's federal petition was filed on March 9, 2015, which was almost one year after the AEDPA's one-year statute of limitations expired on

---

[41]The certified record provided to the court does not reflect that this application was dated or signed by Alexander. However, Alexander indicates in his federal petition that he filed the application on September 10, 2012, and offers no earlier date to be recognized or applied under the mailbox rule.

[42]The last day was Sunday, March 16, 2014, leaving the final day of the period to fall to the next business day, Monday, March 17, 2014. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

March 17, 2014, and is therefore not timely filed.  Alexander's federal petition must be dismissed with prejudice for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Alexander's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[43]

New Orleans, Louisiana, this _____11th_____ day of December, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[43]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.